**jackson|lewis**
Attorneys at Law

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

My Direct Dial is: (631) 247-4652
My Email Address is: BRECHERJ@JACKSONLEWIS.COM

August 8, 2012

**VIA ECF**

Hon. Judge Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

     Re:  Goldie Files v. Federated Payment Systems USA, Inc., et al.
        Civil Action No.: 11-Civ-3437(JS)(AKT)

Dear Judge Seybert:

  We are counsel for Defendants. We are writing in response to the Court's Order, dated July 26, 2012, requesting a status report in this Fair Labor Standards Act (FLSA) case. As the Court is aware, the parties reached a settlement in this case and requested the Court approve the settlement and dismiss the case. On July 26, 2012, the Court denied the request to approve the settlement because the agreement contained a confidentiality provision. In denying the request for approval, the Court did not address (because the parties did not request that the Court do so) the threshold question of whether the settlement *required* Court approval. On July 24, 2012, well after the request for Court approval of the settlement was submitted, the Fifth Circuit decided *Martin v. Spring Break '83 Productions, LLC*, 2012 U.S. App. Lexis 15285 (5th Cir. July 24, 2012). In *Martin*, the Court held that where there is a *bona fide* dispute regarding liability relating to hours worked (as exists here), private parties *may* reach a binding settlement of an FLSA case and need *not* obtain Court approval. Accordingly, Defendants respectfully request the Court adopt the reasoning in *Martin*, order Court approval of the settlement is not required in this case, and enter an order dismissing the case with prejudice.

  As noted above, parties have often sought (and some courts have required) court approval of settlements involving cases brought under the FLSA, relying on a thirty-year-old opinion from the Eleventh Circuit, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). But in *Martin*, the Fifth Circuit held court approval is *not* required in an FLSA case involving a *bona fide* dispute regarding liability. There is nothing in the text, legislative history, or controlling precedent that requires court approval, and this misconceived practice should end. The adversarial process is capable of ensuring the settlement is fair, just as in any other case.


Attorneys at Law

Hon. Judge Joanna Seybert
United States District Court
August 6, 2012
Page 2

There is no justification, for example, for requiring court approval in a dispute regarding one hundred dollars in wages, but not in a sexual harassment case involving an assault. There is no reason the court should continue to expend its judicial resources to review every settlement reached in an FLSA case filed in federal court (cases that now constitute a growing percentage of the federal docket). This is particularly important where, as here, the Court has refused to approve settlements because the agreement contains a confidentiality clause. Continuing to require court approval only discourages parties from settling disputes prior to litigation (because there is no confidence the agreement is binding), thereby increasing judicial caseloads, and is inconsistent with the public policy of encouraging settlements. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004).

### I. Background

Plaintiff filed an Amended Complaint on August 31, 2011 alleging that during the period she worked as a Bill Collector for Federated she worked 45 hours per week, but was only paid for 40 hours. Specifically, she claimed that instead of taking a one hour break for lunch, she worked through lunch or was rarely able to take it. [*See* DKT No. 8 ¶ 1, 30-38]. Defendants denied these allegations and contended that Plaintiff *did* take lunch and therefore was paid for all hours worked, and was prepared to produce witnesses to testify as such. The parties clearly disputed the number of hours Plaintiff claimed to have worked, in that Plaintiff's claims implicated each and every lunch break she took while employed by Federated. But given the amount at issue and the cost of further litigation, the parties reached a settlement.

The parties advised the Court that a settlement had been reached on January 18, 2012. [DKT No. 17]. On February 3, 2012, Plaintiff filed an "Unopposed Motion for Approval of FLSA Settlement" [DKT No. 18]. In the motion, Plaintiff explained that because the case was filed under the FLSA, "the settlement must be approved by the Court." *Id.* at p.1. The motion explained, however, that the case involved a *bona fide* dispute, explained the nature of the dispute, explained that both parties were represented by counsel, and explained that her attorney believed the settlement was fair and reasonable. *Id.* at p. 1-2. The motion also asked the Court to review the settlement agreement *in camera* given that the agreement contained a confidentiality provision. *Id.* at p. 2. The agreement was faxed to the Court later that day for *in camera* review.

On July 26, 2012, the Court denied the request to approve the settlement because it contained a confidentiality provision. As noted above, the Court did not address (because the parties did not request that the court do so) the threshold question of whether the settlement *required* Court approval. Defendants now respectfully request the Court to adopt the holding in *Martin* and dispense with the need to have the Court review settlements of FLSA cases filed in federal court when the parties have a *bona fide* dispute and have reached an agreement through counsel, as in this case.



Attorneys at Law

Hon. Judge Joanna Seybert
United States District Court
August 6, 2012
Page 3

## II. Private Settlements of Bona Fide Disputes Regarding Liability Under the FLSA Do Not Need Court Approval

In *Martin*, the Fifth Circuit affirmed the dismissal of an FLSA case brought by an employee who signed a release in consideration for a settlement of an FLSA claim. On appeal, the employees argued that the release was "invalid" because individuals may not "privately settle FLSA claims." *Id.* at *18. The Court rejected this argument, holding that where there is a *bona fide* dispute as to the time worked, the settlement is binding: "we hold that the payment offered to and accepted by Appellants, pursuant to the Settlement Agreement, is an enforceable resolution of those FLSA claims, predicated on a *bona fide* dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves." *Id.* at *20. The Court distinguished *Lynn's Food*, noting that in *Lynn's Food*, the only Court of Appeals opinion to have addressed the issue, the individual employees who signed releases were unrepresented, had not filed a lawsuit, and were not even aware of their rights under the statute (in part due to limited facility with English), all facts not present in *Martin* nor here.

The text of the FLSA also contains no requirement that a district court must approve a settlement of an FLSA case in order for it to be binding. The requirement, if it is recognized, must be created from whole cloth judicially. But doing so usurps the legislative function, transforming judges into legislators. *See Colon v. Howard*, 215 F.3d 227, 236 (2d Cir. 2000) (Walker, concurring) ("Judges are not legislators. Legislators are democratically accountable; federal judges are unelected and hold the office permanently. Legislators can gather facts to decide policy questions; judges are confined to the record of the case at hand. Legislation is usually the result of political and pragmatic compromises, and drawing sometimes arbitrary lines is part of what legislators do. Our task is different. Our task is not to dispense rough or approximate justice in future cases but to apply general legal principles to specific cases as they come before us.").

There is also no precedent that requires court approval. The Supreme Court did not create this requirement nor is there any Second Circuit decision that mandates it. The Supreme Court did address waivers of FLSA claims in two early cases in the 1940s, but as explained in *Martin*, neither of those decisions addressed the enforceability of a private agreement where a *bona fide* dispute existed with respect to the amount of time worked or the regular rate. One involved waiver of liquidated damages where there was no dispute as to liability (*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and the other a dispute only regarding *coverage* under the FSLA (*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946)). Indeed, in *Brooklyn Savings Bank*, the Court explicitly cautioned, on at least two occasions, that its holding did *not* apply to situations where there was a *bona fide* disputes regarding hours worked:

> Our decision of the issues raised in number 445 and number 554 has not necessitated the determination of what limitation, if any, Section 16(b) of the Act places on the validity of agreements between an employer and employee to settle claims arising under the Act if the settlement is made as a result of a bona fide dispute between the two parties, in consideration of a bona fide


Hon. Judge Joanna Seybert
United States District Court
August 6, 2012
Page 4

> compromise and settlement. Neither of the above mentioned cases presented such issues for our consideration.

*Id.* at 714; *see also Gangi*, 328 U.S. at 114 ("nor do we need to consider here the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment").

Thus, the contention that *bona fide* disputes between an employee and employer under the FLSA must be approved by the Court to be binding is not anchored or supported by the text of the FLSA or any Supreme Court decision. Indeed, such contention conflicts with the public policy of *encouraging* compromises. *See Gambale*, 377 F.3d at 143 (noting the court's responsibility to encourage and facilitate settlement). And as the Court explained in *Martinez v. Bohls Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005), which was adopted by the Fifth Circuit in *Martin*, requiring court approval in FLSA cases will only result in increasing the number of FLSA cases filed in federal court because employers have no method of obtaining final binding resolution of the dispute prior to litigation, and therefore little incentive to settle:

> Judicial caseloads, as well as the workload of the Wage and Hour Administration, would likely be swamped with unnecessary disputes, many dubious and with little evidence that could not be finally settled without approval from either a court or the Secretary of Labor. This surely cannot be what was intended by Congress when the FLSA was passed. In fact, less than ten years after the passage of the FLSA, Congress amended the statute to provide for compromises of then-existing claims involving bona fide disputes. Though Congress could have made the express availability of such compromises prospective, rather than purely retrospective, it did not prohibit such compromises. Congress left this decision to "determination under other law."

*Martinez*, 361 F. Supp. at 36. The *Martinez* decision contains a detailed analysis of the legislative history in support of its conclusion that court approval is not required where there is a *bona fide* dispute, which the Fifth Circuit adopted.

Accordingly, Defendants respectfully request the Court "so order" the stipulation of dismissal submitted by the parties, including the confidentiality provision, and order that judicial approval of FLSA settlements involving *bona fide* disputes regarding liability is not required.

Respectfully,

JACKSON LEWIS, LLP

Jeffrey W. Brecher

JWB/mf
cc: Penn Dodson, *Counsel for Plaintiff via ECF*