**jackson lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| 58 South Service Road | ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| Suite 410 | ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| Melville, New York 11747 | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| Tel 631 247-0404 | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| Fax 631 247-0417 | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| www.jacksonlewis.com | BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| | CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| | CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| | DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

My Direct Dial is: (631) 247-4652
My Email Address is: BRECHERJ@JACKSONLEWIS.COM

September 14, 2012

**VIA ECF**

Hon. Judge Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
P.O. Box 9014
Central Islip, NY  11722

        Re:    Goldie Files v. Federated Payment Systems USA, Inc., et al.
              Civil Action No.:  11-Civ-3437(JS)(AKT)

Dear Judge Seybert:

      As counsel for Defendants, we are writing to bring to the Court's attention supplemental authority in support of Defendants' request that the Court order that judicial approval of the settlement is not required in this case and Defendants' request that the Court enter an order dismissing this case with prejudice.

      On August 23, 2012, the District Court in Arizona favorably cited *Martin v. Spring Break '83 Prods.*, LLC, 2012 U.S. App. LEXIS 15285, *19-20 (5th Cir. July 24, 2012) agreeing that Court approval is not necessary in FLSA cases involving a *bona fide* dispute relating to liability. See *Brian Smith v. Tri-City Transmission Service, Inc.; David A. Riccio; Ciro Riccio*, 2012 U.S. Dist. LEXIS 19428 (Dist. Ct. Ariz. Aug. 23, 2012). A copy of the decision is attached. As the District Court in *Smith* explained:

> It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this with facts analogous to *Martin*. Plaintiff was represented by counsel when he filed his complaint April 26, 2012, and throughout the course of this litigation. He alleged violations of the FLSA in his complaint, therefore he was obviously aware of his rights under this statute. The parties settled their disagreements within the context of a pending lawsuit. Following the logic of Martin, such a settlement could reasonably be found binding upon the parties even without court approval.



Hon. Judge Joanna Seybert<br/>United States District Court<br/>Page 2

<u>Id</u>. For these reasons and the reasons set forth in Defendants' prior submissions, Defendants respectfully request the court adopt the reasoning in *Martin* and *Smith*, order court approval of the settlement is not required in this case, and enter an order dismissing this case with prejudice.

Thank you for your attention to this matter.

Respectfully,

JACKSON LEWIS LLP

Jeffrey W. Brecher

JWB/mf
cc:  Penn Dodson, *Counsel for Plaintiff via ECF*

4827-7042-3057, v. 1



Brian Smith, Plaintiff, vs. Tri-City Transmission Service, Inc.; David A. Riccio; Ciro Riccio, Defendants.

No. CV 12-01254-PHX-FJM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

*2012 U.S. Dist. LEXIS 119428*

August 23, 2012, Decided
August 23, 2012, Filed

**COUNSEL:** [*1] For Brian Smith, Plaintiff: Matthew Edward Walls, Michelle Ray Matheson, LEAD ATTORNEYS, Matheson & Matheson PLC, Scottsdale, AZ.

For Tri-City Transmission Service Incorporated, a domestic corporation, David A Riccio, husband, Cira Riccio, wife, Defendants: Ezra Thompson Clark, III, LEAD ATTORNEY, Clark Law Firm PC, Mesa, AZ.

**JUDGES:** Frederick J. Martone, United States District Judge.

**OPINION BY:** Frederick J. Martone

**OPINION**

**ORDER**

The court has before it the parties' joint motion for approval of settlement agreement and order for dismissal of claims with prejudice as to all claims alleged against defendants (doc. 10). Plaintiff's complaint alleges violations of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 201-219*. The parties state that the proposed settlement agreement represents a fair and reasonable resolution of a bona fide dispute.

FLSA's provisions are mandatory and "FLSA rights cannot be abridged by contract or otherwise wavied because this would 'nullify the purposes' of the statute." *Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740, 101 S. Ct. 1437, 1445, 67 L. Ed. 2d 641 (1981)*. The United States Court of Appeals for the Ninth Circuit has not squarely addressed how claims may be resolved under the FLSA. [*2] District courts within the Ninth Circuit and across the nation hold that FLSA claims may not be settled without approval of the Department of Labor or the district court, based on *Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982)*. See, e.g., *Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 U.S. Dist. LEXIS 87026, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007)*.

The Fifth Circuit, however, recently narrowed the scope of Lynn's Food Stores to its facts. *Martin v. Spring Break '83 Productions, L.L.C., No. 11-30671, 2012 U.S. App. LEXIS 15285, 2012 WL 3011004, at *6 n.10 (5th Cir. July 24, 2012)*. The employees in Lynn's Food Stores seemed unaware that the Department of Labor determined they were owed back wages or that they had rights under the FLSA, there was no evidence they consulted lawyers before signing the settlement agreements, and some of them spoke no English. Id. Under those facts, the Eleventh Circuit determined that approving an agreement "outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." *Lynn's Food Stores, 679 F.2d at 1354*. In contrast, the

employees in Martin had legal counsel when they filed their complaint, [*3] knew of their FLSA rights, and their settlement agreement was within the context of a lawsuit. The Fifth Circuit determined that, under these facts, the concerns expressed in Lynn's Food Stores were not implicated and a private settlement of FLSA claims was binding.

It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this with facts analogous to *Martin*. Plaintiff was represented by counsel when he filed his complaint April 26, 2012, and throughout the course of this litigation. He alleged violations of the FLSA in his complaint, therefore he was obviously aware of his rights under this statute. The parties settled their disagreements within the context of a pending lawsuit. Following the logic of Martin, such a settlement agreement could reasonably be found binding upon the parties even without court approval.

The court has reviewed the proposed settlement agreement and finds that it fairly and reasonably resolves the parties' dispute. Defendants contested liability under the FLSA. There is a genuine dispute as to whether plaintiff was an exempt employee. There is no evidence of collusion or overreaching by [*4] defendants. This action was quickly resolved, less than four months after plaintiff filed his complaint.

**IT IS ORDERED GRANTING** the joint motion for approval of settlement agreement (doc. 10).

**IT IS ORDERED DISMISSING** all claims with prejudice, with each party to bear its own attorneys' fees and costs.

DATED this 23rd day of August, 2012.

/s/ Frederick J. Martone

Frederick J. Martone

United States District Judge