```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GOLDIE FILES,

                        Plaintiff,

            -against-                        MEMORANDUM & ORDER
                                             11-CV-3437(JS)(GRB)
FEDERATED PAYMENT SYSTEMS USA, INC.;
JON LEVITT; JOHN GUIRGUIS; and
FEDERATED PAYMENT SYSTEMS, LLC,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Penn Ueoka Dodson, Esq.
                    Anderson Dodson, P.C.
                    11 Broadway, Suite 615
                    New York, NY 10004

For Defendants:     Jeffrey W. Brecher, Esq.
                    Ana Shields, Esq.
                    Jackson Lewis LLP
                    58 South Service Road, Suite 410
                    Melville, NY 11747
```

SEYBERT, District Judge:

Currently pending before the Court is Plaintiff's unopposed motion for approval of settlement in this Fair Labor Standards Act ("FLSA") case, which this Court temporarily denied on July 26, 2012 (the "July Order"), and Plaintiff's motion for reconsideration asking that this Court reconsider its July Order. As the July Order only temporarily denied Plaintiff's motion for settlement, and ordered the parties to submit supplemental submissions, Plaintiff's motion for reconsideration (Docket Entry 25) is DENIED AS MOOT. Furthermore, for the

following reasons, Plaintiff's motion for settlement (Docket Entry 18) is DENIED.

## BACKGROUND

The July Order, with which the Court presumes familiarity, temporarily denied Plaintiff's motion for settlement. The Court held that FLSA settlements are "judicial documents" and, therefore, the settlement agreement could not be approved because it contained a confidentiality provision. (July Order, Docket Entry 19, at 1-2.) Accordingly, the Court ordered the parties to submit either: (a) further argument as to why confidentiality is warranted; (b) a revised settlement agreement to be filed on the Court's Electronic Case Filing docket; or (c) a status update regarding this case. (July Order at 2.)

## DISCUSSION

Since the July Order, the parties have submitted supplemental submissions and supporting case law regarding the confidentiality of the settlement agreement. (Docket Entries 20-23, 26.) The Court is not convinced, however, that the settlement agreement does not require judicial approval or that it may be kept confidential; accordingly, Plaintiff's motion for settlement is DENIED.

It is well settled in this Circuit that judicial approval of, and public access to, FLSA settlements is required.

2

See, e.g., Wolinsky v. Scholastic Inc., No. 11-CV-5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012). See also Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011) ("Because judicial approval is required for settlement under the FSLA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies."); Lin v. Comprehensive Health Mgmt., Inc., No. 08-CV-6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) ("Any document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006))). To overcome the presumption of public access, "the parties must make a substantial showing of need" that the terms of their settlement should not be filed on the public docket. Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *2 (E.D.N.Y. Jan. 25, 2011); accord Martinez, 2011 WL 5508972, at *1. Rather than attempting to make a "substantial showing of need" under the facts of this case, Defendants have presented the Court with particular case law regarding confidentiality and judicial approval of FLSA settlements.

For example, Defendants cite to Martin v. Spring Break '83 Productions, L.L.C., 688 F.3d 247 (5th Cir. 2012) cert. denied, --- U.S. ----, 133 S. Ct. 795, 184 L. Ed. 2d 583 (2012),

3

for the proposition that judicial approval is not required.[1] (Def.'s 9/14/12 Letter, Docket Entry 23; Def.'s 2/27/12 Letter, Docket Entry 26.) Notably, Spring Break '83 is not binding precedent on this Court. However, the Court will briefly discuss the opinion.

In Spring Break '83, plaintiff-appellants were Union member film production grips who brought claims under the FLSA for unpaid wages against, inter alia, Spring Break Louisiana, L.L.C. ("Spring Break Louisiana"), the film production company. Martin, 688 F.3d at 249. The Union that appellants belonged to had previously entered into a collective bargaining agreement with Spring Break Louisiana, which recognized the Union as the exclusive representative of the employees, including appellants, in the bargaining unit. Id. After appellants filed a grievance against Spring Break Louisiana for unpaid wages, the Union investigated appellants' claims but concluded that, "it would be impossible to determine whether or not Appellants worked on the days they alleged they had worked." Id. Following this investigation, the Union entered into a settlement agreement with Spring Break Louisiana which provided for the payment of the allegedly unpaid wages, and included a provision prohibiting

---

[1] Defendants also cite to Smith v. Tri-City Transmission Service, Inc., No. 12-CV-1254, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). (Def.'s 9/14/12 Letter.) As that case primarily relied upon the reasoning of Spring Break '83, the Court will not independently address Smith.

4

the Union members from pursuing future legal action against Spring Break Louisiana. Id. at 249-50, 253-54. Before the settlement agreement between the Union and Spring Break Louisiana was signed, appellants filed suit under the FLSA against appellees in the Superior Court of the State of California. Id. at 249-50.

The Fifth Circuit ultimately affirmed the District Court's grant of summary judgment and released any FLSA claims against Spring Break Louisiana because appellants had accepted settlement payments for those claims. Id. at 249. In so holding, the Fifth Circuit affirmed the District Court's finding that "'a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.'" Id. at 255 (quoting Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608 (W.D. Tex. 2005)).

Spring Break '83 is distinguishable from the instant case. There, the Fifth Circuit "reiterate[d] that FLSA substantive rights may not be waived in the collective bargaining process, however, [in Spring Break '83], FLSA rights were not waived, but instead, validated through a settlement of a bona fide dispute, which Appellants accepted and were compensated for." Id. at 257. In the typical case, though, it is not uncommon for there to be some potential defense, and without a finding of a bona fide dispute, the reasoning of

5

Spring Break '83 is not applicable. See Martin v. Kristal Auto Mall Corp., No. 12-CV-3439, 2013 U.S. Dist. LEXIS 8499, at *3 n.2 (E.D.N.Y. Jan. 22, 2013) (distinguishing Spring Break '83 because, in Spring Break '83, there had been a factual finding of a bona fide dispute).

Furthermore, Spring Break '83 involved a settlement that had taken place primarily outside of the context of litigation, and, indeed, primarily before litigation began. Martin, 688 F.3d at 249-50. In the case at bar, the parties seek settlement approximately one year after commencement of the case.

Similarly, in the recent case Picerni v. Bilingual Seit & Preschool, Inc., No. 12-CV-4938, 2013 WL 646649 (E.D.N.Y. Feb. 22, 2013), Judge Cogan of the Eastern District of New York discussed an FLSA settlement where the parties sought settlement prior to the initial status conference in the case and prior to defendant having answered the complaint. Id. at *1. While the Court agrees with Judge Cogan's concerns in requiring judicial approval of FLSA settlements in some cases, the Court finds that, in this case, considering the Court's significant involvement, the parties have not presented a "substantial need" to stray from the Court's current practice of discouraging confidentiality provisions in FLSA settlements and requiring judicial approval.

6

Although Defendants have requested that this Court find that judicial approval is not required, they have not indicated any reason as to why the presumption of public access should not apply under the specific facts of this case or why the settlement should remain confidential. The same is true of Defendants' request to redact the settlement amount. (Def.'s 8/10/12 Letter, Docket Entry 22.) Courts considering this exact issue have held that the public has a substantial interest in the amount of settlement, and the presumption against disclosure of such information is not easily overcome: "When the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement . . . ." Bouzzi v. F & J Pine Rest., No. 10-CV-0457, 2011 WL 7004196, at *2 (E.D.N.Y. Sept. 23, 2011) (collecting cases denying requests to redact settlement figures from publicly-filed, court-approved settlement agreements), adopted by 841 F. Supp. 2d 635 (E.D.N.Y. Jan. 11, 2012); see also Hens v. Clientlogic Operating Corp., No. 05-CV-0381, 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010) ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an

objective unworthy of implementation by a judicial seal." (citation and internal question marks omitted)).

Therefore, the request to approve the settlement agreement, as it remains now, is DENIED.

## CONCLUSION

For the foregoing reasons, the motion for settlement approval (Docket Entry 18) is DENIED and the motion for reconsideration (Docket Entry 25) is DENIED AS MOOT. Accordingly, the parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Agreement that does not include a confidentiality provision together with a Stipulation of Dismissal; or

(2) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April   2  , 2013
         Central Islip, NY

8